SHIRLEY S. ABRAHAMSON, J.
¶ 15. (dissenting). I would not accept the stipulation. Although I agree with the order for restitution, payment of costs, and conditions, I conclude that a public reprimand is an insufficient sanction.
¶ 16. Five counts of professional misconduct were charged in the complaint and admitted by Attorney Adent, including trust account violations, criminal conviction of operating while intoxicated (OWI) (third), and a transaction with a client without in form fid consent or written disclosures. These are serious offenses and in and of themselves require a more severe sanction than a public reprimand.
¶ 17. The third OWI offense stands out. Drunk driving is a major public safety issue in Wisconsin and across the country. All drivers are aware, or should be held to be aware, of the dangers of drunk driving. That drunk driving may be prosecuted as a crime is also common knowledge.
¶ 18. A criminal conviction for OWI by a Wisconsin licensed lawyer does not in and of itself automati *385 cally constitute professional misconduct. But the record demonstrates that Attorney Adent has alcohol-related problems. His three OWI offenses and his numerous other violations of the Rules of Professional Conduct for Attorneys reflect on his honesty, trustworthiness, and fitness as a lawyer.
¶ 19. Although Attorney Adent has been sober for a number of months, his record is not sufficient to warrant a public reprimand rather than a suspension.
¶ 20. In addition, a public reprimand in the instant case does not properly take into account this court's commitment that discipline be generally progressive in nature. See In re Disciplinary Proceedings Against Nussberger, 2006 WI 111, 296 Wis. 2d 47, 719 N.W.2d 501.
¶ 21. Attorney Adent has a disciplinary history that supports the imposition of progressive discipline. In 2012, Attorney Adent consented to a public reprimand for a number of violations, including conviction of second offense OWI, failure to provide competent or diligent representation, and failure to obey an obligation under the rules of the tribunal.
¶ 22. I recognize that several cases have imposed a public reprimand for OWI violations. On reflection, I think some of these sanctions were not adequate and should not be followed in the instant case.
¶ 23. For the reasons set forth, I disagree that the imposition of a public reprimand is an appropriate level of discipline in the instant case. I would impose a suspension for a minimum of 60 days.
¶ 24. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.